UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KIRK ELLEDGE,

    Petitioner,                                     Case No. 2:16-cv-14330
                                                    Hon. Victoria A. Roberts

v.

MARK McCULLICK,

    Respondent.

_____/

**OPINION AND ORDER (1) SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PETITIONER'S MOTION TO STAY, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Christopher Kirk Elledge, ("Petitioner"), filed a petition for writ of habeas corpus challenging his Wayne Circuit Court jury trial convictions for first-degree home invasion, unarmed robbery, assault with intent to commit great bodily harm, and larceny from a building. Petitioner's convictions arise from a June 29, 2011, incident where Petitioner attacked, beat, and robbed a 70-year-old woman at the entrance of her apartment building. See *People v. Elledge*, 2013 Mich. App. LEXIS 567 (Mich. Ct. App. Mar. 26, 2013). Petitioner was sentenced as a fourth habitual felony offender to 40 to 60 years for the home invasion conviction, 20 to 40 years for the robbery and assault convictions, and 10 to 15 years for the larceny conviction. The sentences for robbery, assault, and larceny are concurrent to each other but consecutive to the sentence for home invasion, resulting in an effective sentence of 60 to 100 years. The petition will be summarily denied because Petitioner's sole sentencing claim cannot be supported by clearly established Supreme Court law as required by 28 U.S.C. § 2254(d). The Court will also deny Petitioner's motion to stay the petition, deny a certificate of appealability, and deny leave to appeal in forma pauperis.

I.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

II.

Petitioner's sole habeas claim asserts that the sentencing court violated his Sixth Amendment rights when it considered facts not proven beyond a reasonable doubt in scoring the sentencing guidelines to determine his minimum sentence range.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See *Alleyne v. United States*, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the

Supreme Court held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 133 S. Ct. at 2157-58.

At the time of Petitioner's December 19, 2011, sentencing proceeding, *Harris* was the law. *Alleyne* was not made retroactive to cases on collateral review. See *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014). Because the Supreme Court did not require at the time of the Petitioner's conviction and sentence that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Petitioner is not entitled to habeas relief on his claim. See *Gibson v. Tribley*, No. 10-13364, 2013 U.S. Dist. LEXIS 93404, 2013 WL 3353905, at * 8 (E.D. Mich. July 3, 2013).

Moreover, *Alleyne* is inapplicable to Petitioner's case because "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range." See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); see also *United States v. James*, 575 F. App'x 588, 595 (6th Cir. 2014) (unpublished) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) (unpublished) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors. . . ."). Petitioner's claim concerns judicial findings that set the guideline range for his minimum sentence. The Sixth Circuit has ruled that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. See *Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013) (unpublished).

3

The Court is aware that the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. See *People v. Lockridge*, 498 Mich. 358 (2015). Petitioner cannot rely on a state court decision, however, to obtain federal habeas corpus relief. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. See *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 U.S. Dist. LEXIS 35151, 2016 WL 1068744, at *5 (W.D. Mich. Mar. 18, 2016).

Petitioner's motion to stay his petition and hold the case in abeyance while he exhausts his *Lockridge* claim is likewise without merit. A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is not available, however, where a petitioner's unexhausted claim is "plainly meritless." *Id.* at 277. Aside from the fact that *Lockridge* cannot form the basis of granting federal habeas relief as explained above, it does not appear that that it will even be applied to Petitioner's case by the state courts. The Michigan Supreme Court "made its holding [in *Lockridge*] applicable only to cases still pending on direct review." *Hawkins v. Napel*, No. 2:13CV43, 2016 U.S. Dist. LEXIS 34435, 2016 WL 1055755, at *2, n.1 (W.D. Mich. Mar. 17, 2016) (unpublished) (emphasis added). Petitioner's case was no longer pending on direct review when *Lockridge* was decided. The Court therefore denies petitioner's motion for a stay.

III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily denied because the claim it raises is completely devoid of merit. Therefore, the Court denies a certificate of appealability. Furthermore, leave to appeal in forma pauperis will be denied because any appeal of this order would be frivolous. 28 U.S.C. § 1915(a)(3).

For the foregoing reasons:

(1) The petition for a writ of habeas corpus is **SUMMARILY DENIED**;

(2) Petitioner's motion to stay is **DENIED**; and

(3) A certificate of appealability and permission to proceed on appeal in forma pauperis are **DENIED**.

**IT IS ORDERED.**

                                                  /s/ Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Court

Dated: <u>January 25, 2017</u>